IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:24CR3018 |
| vs. | |
| MICHAEL A. NOLTE, | ORDER |
| Defendant. | |

This matter comes before the Court on Defendant's, Michael A. Nolte's, motion for return of seized property. Filing No. 44. The Court ordered the United States to respond, which it did with a brief and supporting affidavit. Filing No. 48; Filing No. 48-1.

Nolte seeks the return of three items: two hard drives from laptops the government previously returned and an "Apple Mac Desktop." Filing No. 44 at 1. In its response and supporting affidavit, the United States clarifies that it did, in fact, return the hard drives with the two laptops in question, but had to completely wipe them because they were encrypted and there was no other way to clear them of potential contraband. Filing No. 48-1 at 3. It notes Nolte may need to reinstall the computer operating systems in order to render the laptops functional again. Id. As to the desktop computer Nolte seeks to have returned, the FBI agent who conducted the investigation avers that she located child exploitation material on it. Id. at 2. There is no information in the affidavit regarding the United States' attempt to wipe the desktop computer hard drive, and the United States did not file a forfeiture allegation in this case.

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). The

1

movant must establish lawful entitlement to the property. *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008) (citing *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001)). The government must then establish a legitimate reason to retain the property. *Id.* "A Rule 41(g) motion 'is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'" *Id.* (quoting *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002)).

As to the laptop hard drives, Nolte has not established he is entitled to their lawful return because they have already been returned to him. However, as to the Apple desktop computer, Nolte has established a legitimate right to the desktop. The United States argues it is entitled to retain the whole computer because it located contraband on it. However, there was no forfeiture allegation filed in this case. Accordingly, the United States' references to the forfeiture statute and forfeiture cases are unavailing. While the property may have been subject to forfeiture under 18 U.S.C. § 2253, the government has not pursued that avenue. *See United States v. Smith*, 656 F.3d 821, 827 (8th Cir. 2011) ("Procedural due process requires that an individual receive adequate notice and procedures to contest the deprivation of property rights."). The government makes a passing argument about needing the evidence for a possible appeal, but Nolte's appeal time has run. Lastly, the computer itself is not "contraband"; only the files of child exploitation material located on it are. Accordingly, the United States is ordered to remove the contraband by wiping the hard drive (or other appropriate means) from the Apple desktop hard drive and return the "Apple Mac Desktop" computer to Defendant.

IT IS ORDERED:

3

1) Defendant's, Michael Nolte's, motion for return of seized property, Filing No. 44, is granted as set forth herein.

Dated this 5th day of August, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge